UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLENE GREGUS,

    Plaintiff,

v.                                                        Case No. 8:09-cv-01392-T-24-AEP

PLAN 4 COLLEGE, INC.,
SHAMREN FLETCHER, LEONARD
VIGNOLA, RICHARD SHANLEY,
MICHAEL DENNING, STERLING
LEPPO,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants Leonard Vignola, Michael Denning, and Sterling Leppo's Amended Motion to Dismiss. (Doc. 9.) Plaintiff opposes this motion. (Doc.17.)

## BACKGROUND

On April 15, 2009, Charlene Gregus filed a two-count complaint against Plan 4 College, Inc., and its corporate officers/directors, Leonard Vignola, Michael Denning, and Sterling Leppo, in the 13th Judicial Circuit in and for Hillsborough County, Florida.[1] Plaintiff's complaint alleged that Plan 4 College failed to compensate her for all weeks worked and further alleged against all defendants that she had not been paid the federal minimum wage, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206 (2006). Defendants subsequently removed the

---

[1] Plaintiff also named Shamren Fletcher and Richard Shanley as defendants in the same complaint. However, neither Defendant has been served.

1

proceeding to this court on July 23, 2009. (Doc. 1.)

On May 4, 2009, Plan 4 College, Inc. filed for bankruptcy protection in the United States Bankruptcy Court, District of Maryland, Case No. 09-17952. On August 21, 2009, this Court entered an order automatically staying this case as to Plan 4 College, pursuant to 11 U.S.C. §632.

## **ANALYSIS**

On July 30, 2009, Defendants filed the instant Motion to Dismiss. Defendants argue that Plaintiff's claim "fails to assert sufficient fact[s] . . . to establish that these Defendants were employers pursuant to the FLSA" and further argue that the claim should be dismissed because it violates the automatic stay imposed following the bankruptcy of Plan 4 College.

**A. Defendants' Status as Employers under FLSA**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this statement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). What will be considered sufficient to state a claim will differ depending on the context of the complaint and "requir[es] the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). For an alleged FLSA violation, as in this case, these requirements are simple and straightforward. Sec. of Labor v. Labbe, 319 Fed. Appx. 761, 763 (11th Cir. 2008). In this case, Plaintiff has clearly alleged that she was employed by Plan 4 College between March 2007 and February , 2009; that she was not paid at least the federal minimum wage for her time worked; and that Defendants were involved in the day-to-day operation of the corporation or were directly responsible for

Plaintiff's supervision. (Doc. 2.) Defendants challenge the sufficiency of this last allegation.

The FLSA defines an "employer" to be "any person acting directly or indirectly in the interest of an employer in relation to an employee. . ." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Patel v. Wargo, 803 F.2d 632, 637–38 (11th Cir. 1986). To be personally liable, a corporate officer "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." Id. at 638.  Plaintiff's complaint goes beyond merely stating that Defendants were her employers and alleges as facts that Defendants were either involved in the day-to-day operation or were directly responsible for Plaintiff's supervision. (Doc. 2.)  The stated facts, combined with the straightforward nature of an FLSA claim, are sufficient to give fair notice to Defendants of the nature of the claim and the grounds upon which it rests.  At this stage in the proceeding, no more is required.

Viewing the complaint in the light most favorable to Plaintiff and assuming that the facts alleged in the complaint are true, it is clear that Plaintiff has alleged sufficient facts at this stage in the proceedings against Defendants to survive a motion to dismiss.

**B.   Stay of Proceedings as Applied to Defendants**

Defendants next argue that Plaintiff's claim should be dismissed because it is precluded by the automatic stay on proceedings against Plan 4 College based upon Plan 4 College's bankruptcy proceedings. While the Bankruptcy Code provides that an automatic stay be imposed on any proceedings *against the debtor*, it does not explicitly provide for such a stay to be automatically extended to a non-debtor co-defendant.  See 11 U.S.C. § 362. While "there are

instances where a bankruptcy court may properly stay proceedings against non-bankrupt co-defendant," such extensions may be made only when "unusual circumstances" exist that would justify such an extension. Alvarez v. Bateson, 932 A.2d 815, 820 (Md. Spec. App. 2007). An order extending a stay in this manner may be imposed by the bankruptcy court's equity jurisdiction under 11 U.S.C. § 105. St. Petersburg Hotel Assocs., Ltd. v. Royal Trust Bank of St. Petersburg, 37 B.R. 380, 382 (Bankr. M.D. Fla. 1984); Brancato v. Trust Co. of Ga. Bank of Savannah, N.A., 108 B.R. 850, 852 (Bankr. S.D. Ga 1989).  However, such an extension is not automatic and an order must be obtained through the affirmative request of the debtor in the bankruptcy court where the bankruptcy proceeding is pending. In re Hillsborough Holdings Corp., 130 B.R. 603, 606 (Bankr. M.D. Fla. 1991); Brancato, 108 B.R. at 852; All Seasons Resorts, Inc. v. Milner, 79 B.R. 901, 903–04 (Bankr. C.D. Cal. 1987); Alvarez, 932 A.2d at 821–22.

      The bankruptcy court is in the best position, based upon its experience and expertise, to "assess the impact of litigation against a non-bankrupt co-defendant" and to decide whether the circumstances justify an extension of the automatic stay to such defendants. Alvarez, 932 A.2d at 823.  As such, this Court yields to the bankruptcy court's expertise in making such a determination.  While this Court is aware that a motion requesting that the automatic stay be extended to the Defendants has been filed by Plan 4 College with the United States Bankruptcy Court for the District of Maryland, no order has yet been issued.  Until such time as the Bankruptcy Court extends the stay to the other defendants in this case, any action against the non-debtor may proceed.  Id. at 822 (citing Biderman Indus. U.S.A., Inc. v. Zelnik, 200 B.R. 779, 782 (Bankr. S.D. N.Y. 1996)).

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Amended Motion to Dismiss (Doc. No. 9) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of September, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record